UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN WILLIAMS, and DUANE ISHMAN, <br><br> Plaintiffs, <br> v. <br><br> PARAMOUNT RECOVERY SYSTEMS, LP <br><br> Defendant. | Case No. 3:16-cv-01428 <br><br> **PLAINTIFFS' ORIGINAL COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

STEVEN WILLIAMS and DUANE ISHMAN ("Plaintiffs") bring this action against Defendant PARAMOUNT RECOVERY SYSTEMS, L.P. ("Defendant") to stop Defendant's practice of making illegal debt collection calls to the telephones of Plaintiffs, and to obtain redress for injuries caused by Defendant's conduct. Plaintiffs, for their Complaint, allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## INTRODUCTION

1. "The right to be let alone is indeed the beginning of all freedom."[1] Plaintiffs bring this action pursuant to the TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 (the "TCPA"), the FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, *et seq.*("FDCPA"), Chapter 302 of the TEX. BUS. & COM. CODE - the Regulation of Telephone Solicitation statute in Texas ("Texas TCPA"), and TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA").

2. Defendant engages in reckless and aggressive debt collection practices which outright ignore controlling federal and state law, and the rights of the called parties.

---

[1] William O. Douglas, *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467 (1952)

1

3. Defendant made unsolicited calls to Plaintiffs' cellular telephones in violation of the TCPA by using an automatic telephone dialing system ("ATDS") or pre-recorded voice for the purpose of bullying Plaintiffs into paying an allegedly deficient balance.  Furthermore, Defendant called both Plaintiffs after they stated they did not wish to be called again.  Defendant should have placed each name on its federally mandated Internal Do-Not-Call List, but failed to do so.  Defendant's repeated calls to Plaintiffs also violate the FDCPA, which is a statute Congress passed to prevent harassing, unconscionable, and unfair debt collection practices.

4. Finally, Defendant's conduct violates the Texas TCPA and, in turn, the DTPA.  Accordingly, Plaintiffs are entitled to recover actual damages, attorneys' fees, costs of court, expert fees, deposition costs, and treble damages for each and every such violation.

**PARTIES**

5. Plaintiff STEVEN WILLIAMS is a natural person and citizen of Grand Prarie, Texas.

6. Plaintiff DUANE ISHMAN is a natural person and citizen of Dallas, Texas.

7. Defendant PARAMOUNT RECOVERY SYSTEMS, L.P. is a limited partnership organized under the laws of the State of Texas.  Defendant maintains its principal office at Lorena, Texas, and may be served with process by serving its registered agent, MA.C.S., Inc., 111 East Center Street, Lorena, Texas 7665.

8. Whenever in this complaint it is alleged that Defendant committed any act or omission, it is meant that the Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

10. The Court has personal jurisdiction over Defendant because it conducts significant business in this District, and the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District. Furthermore, the exercise of personal jurisdiction over Defendant in this District does not offend traditional notions of fair play or substantial justice. For these same reasons, venue is proper in this District.

## LEGAL BASIS FOR THE CLAIMS

### The TCPA

11. Congress enacted the TCPA in 1991 to address certain practices thought to be an invasion of consumer privacy and a risk to public safety. The TCPA and the Federal Communications Commission's ("FCC") implemented rules prohibit: (1) making telemarketing calls using an artificial or prerecorded voice to residential telephones without prior express consent; and (2) making any non-emergency call using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to a wireless telephone number without prior express consent. If the call includes or introduces an advertisement, or constitutes telemarketing, consent must be in writing.[2] Calls that include non-marketing messages require consent, but not written consent. The TCPA grants consumers a private right of action, with a provision for $500

---

[2] Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8).

3

or the actual monetary loss in damages for each violation, whichever is greater, and treble damages for each willful or knowing violation, as well as injunctive relief.

12.   Since the TCPA's passage in 1991, the FCC has taken multiple actions implementing and interpreting the TCPA, and has issued numerous Declaratory Rulings clarifying specific aspects of the TCPA.  The most recent, FCC Omnibus Order of July 10, 2015, (the "Order") provided further protection to consumers by, among other things, clarifying that ATDS is broadly defined, confirming liability attaches to calls made to the wrong number or reassigned number, and clarifying consumers may revoke consent through reasonable methods. *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, (July 10, 2015), available at https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order.  The Order defines an "autodialer" as equipment/software that has the future capacity to dial randomly or sequentially.  "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities."  The Order clarifies the meaning of "capacity" and that "any call" made using a device with the capacity to serve as an ATDS requires consent under the TCPA, even if the caller is not "actually…using those functionalities to place calls" at the time. *Derby v. AOL, Inc.*, No. 5:15-CV-00452-RMW, 2015 WL 5316403, at *3 (N.D. Cal. Sept. 11, 2015).

13.   The Order also states that calls placed to the wrong number or a reassigned number are made with knowledge of the error after the first call; and consumers may revoke consent through any reasonable method, including orally: "[w]e clarify, however, that callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to

the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such;" "[c]onsumers generally may revoke, for example, by way of a consumer-initiated call, directly in response to a call initiated or made by a caller, or at an in-store bill payment location, among other possibilities."

14. Furthermore, the TCPA established the National Do-Not-Call List, and also mandates all businesses that place calls for marketing purposes maintain an "internal" do-not-call list ("IDNC"). See 47 C.F.R. § 64.1200(d). The IDNC is "a list of persons who request not to receive telemarketing calls made by or on behalf of that [seller]." *Id*. The TCPA prohibits a company from calling individuals on its IDNC list or on the IDNC list of a seller on whose behalf the telemarketer calls, even if those individuals' phone numbers are not on the National Do-Not-Call Registry. *Id.* at § 64.1200(d)(3), (6). Any company, or someone on the company's behalf, who calls a member of the company IDNC is liable to that person under the TCPA. The called party is then entitled to bring a private action under the TCPA for monetary and injunctive relief.

15. Finally, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration, 23 FCC Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (Dec. 31, 2012).

16. Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call. Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

**The FDCPA**

17.  In 1978, Congress enacted the FDCPA in response to data showing that abusive collection practices lead to an increase in personal bankruptcy filings, marital instability, loss of employment, and invasion of personal privacy. The FDCPA prohibits false, deceptive, misleading, harassing, abusive and offensive conduct during collection of consumer debts. *See* 15 U.S.C. § 1692a, *et seq.* In particular, the FDCPA prohibits, *inter alia*, the following practices:

- Discussing debt with a third party. 15 U.S.C. § 1692b(2)
- Contacting a third party more than one time for the purpose of obtaining debtor's location information. 15 U.S.C. § 1692d(1)
- Calling debtor's workplace if debtor notified debt collector that such calls are unwanted. 15 U.S.C. § 1692c(a)(3)
- Calling debtor before the hours of 8 a.m. or 9 p.m. 15 U.S.C. § 1692c(a)(1)
- The collector from threatening violence or the use of criminal activity towards the consumer or property. 15 U.S.C. § 1692d(1)
- The collector from using obscene or profane language. 15 U.S.C. § 1692d(2)
- The collector from engaging in harassing, abusive and/or oppressive conduct. 15 U.S.C. § 1692d
- The collector from making false, deceptive, or misleading statements. 15 U.S.C. § 1692e, e(10)
- The collector from stating or implying that non-payment will result in arrest or criminal prosecution. 15 U.S.C. § 1692e(4)
- The collector from threatening suit, garnishment, or seizure of property without the legal ability to do the same. 15 U.S.C. § 1692e(5)

- The collector from failing to identify itself and the purpose of the call. 15 U.S.C. § 1692e(11)

18. The FDCPA further expressly provides a private right of action to anyone who receives prohibited collection calls. A prevailing plaintiff under the FDCPA is entitled to recovery of actual damages (including mental anguish), a statutory penalty of $1,000, plus costs and attorneys' fees. 15 U.S.C. § 1692k(a).

### The Texas TCPA & DTPA

19. In 1978, Chapter 302 of the TEX. BUS. & COM. CODE is the Regulation of Telephone Solicitation statute in Texas ("Texas TCPA"). A violation of the Texas TCPA is also a violation of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by law:

> (a) A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 (DTPA).
>
> (b) A public or private right or remedy prescribed by Subchapter E, Chapter 17 (DTPA), may be used to enforce this chapter.

TEX. BUS. & COM. CODE § 302.303; *see also* TEX. BUS. & COM. CODE § 17.50(h) (a plaintiff can maintain a DTPA suit based on the violation of other consumer-protection statutes that have been incorporated into the DTPA). The Texas TCPA shall be liberally construed and applied to promote its underlying purpose to protect persons against false, misleading, or deceptive practices in the telephone solicitation business. TEX. BUS. & COM. CODE § 302.003.

21. The Texas TCPA also provides much harsher civil penalties than the federal TCPA:

> (a) A person who violates this chapter is subject to a civil penalty of not more than **$5,000 for each violation.**
>
> - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
>
> (d) The party bringing the action also is entitled to recover **all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.**

7

TEX. BUS. & COM. CODE § 302.302 (emphasis added). The plaintiff can recover additional damages of **up to three times the amount of economic and mental anguish damages** for a DTPA claim. TEX. BUS. & COM. CODE § 17.50(b)(1) (emphasis added). Economic damages can be trebled if the defendant knowingly or intentionally violated the DTPA. *Id.*; *Bossier Chrysler-Dodge II, Inc. v. Riley*, 221 S.W.3d 749, 759 (Tex. App.–Waco 2007, pet denied). Mental-anguish damages can be trebled if the defendant acted intentionally. TEX. BUS. & COM. CODE § 17.50(b)(1).

## FACTS SPECIFIC TO PLAINTIFF STEVEN WILLIAMS

22. Beginning around September 2015, Williams began to receive calls from the number 877-806-3160, which is associated with Defendant. At the time Williams filed this lawsuit, he had received at least 100 calls from Defendant.

23. Williams received all calls described above on his cellular telephone assigned a number ending in 7447.

24. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1) without first obtaining Williams' prior express written consent.

25. Williams answered several of these calls and interacted with the caller's live representative after being transferred by the dialing system.

26. When Williams answered the calls, there was a momentary pause ("dead air") before Defendant's live representative engaged on the other end of the line.

27. Defendant's representatives always stated that the purpose of the call was to collected an alleged debt from Williams.

28. Defendant's conduct was harassing and intimidating to Williams. Defendant regularly called Williams at work and before 8:00 a.m.

29. Williams repeatedly told Defendant to stop calling him. Yet, Defendant continued to call.

30. Williams never provided Defendant consent to call him for any purpose.

31. At the time of the calls, Williams did not have a business relationship with Defendant.

32. Williams felt the calls were an invasion of privacy and wanted Defendant to stop calling. Defendant ignored Williams' multiple requests and continued to call him.

33. Based on the circumstances of the calls (e.g. dead air, large volume of calls, repeated calls after protest), Williams believed Defendant called his cellular telephone using an ATDS that mechanically selected his number from a computer database.

34. On information and belief, Defendant's ATDS called Williams on every occasion.

35. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Williams is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 6156.

37. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

38. Williams did not provide Defendant with prior express written consent to place calls to his cellular telephone utilizing an ATDS or artificial or pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A) and 47 C.F.R. § 64.1200(a)(3).

39. All calls Defendant made to Williams violate 47 U.S.C. § 227(b)(1).

40. All calls Defendant made to Centeno violate 47 U.S.C. § 227(b)(1).

9

41. Williams is a consumer who allegedly purchased services on which Defendant attempted to collect a balance. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

42. Defendant regularly engages in the business of collecting debts.

### FACTS SPECIFIC TO PLAINTIFF DUANE ISHMAN

43. Beginning around July 2013, Ishman began to receive calls from the numbers 718-337-8056 and 877-806-3160, which are associated with Defendant. Since that time, Ishman has received at least 70 calls from Defendant.

44. Ishman received all calls described above on his cellular telephone assigned a number ending in 2736.

45. Defendant and/or third parties on Defendant's behalf, placed all the calls described above using an ATDS, as defined by 47 U.S.C. § 227(a)(1).

46. When Ishman answered the calls, there was a pause before Defendant's live representative engaged on the other end of the line.

47. Defendant's representatives demanded Ishman pay a delinquent debt. Ishman was not sure he owed the debt and asked for more information

48. Ishman was intimidated by Defendant's attitude, and was unsure about the debt. Therefore, Ishman requested Defendant stop calling him.

49. Ishman told Defendant not to call and informed Defendant that he was on the Do-Not-Call Registry.

50. Yet, Defendant continued to call.

51. Ishman never provided Defendant consent to call him for any purpose. To the extent Defendant had authorization to call Ishman on his cellular telephone, Ishman revoked such authorization.

52. Ishman felt the calls were an invasion of his privacy and wanted Defendant to stop calling. Defendant ignored Ishman's multiple requests and continued to call him.

53. Based on the circumstances of the calls, including but not limited to the signature pause after answering and the large volume of calls, Ishman believed Defendant called his cellular telephone using an ATDS that mechanically selected her number from a computer database.

54. On information and belief, Defendant's ATDS called Ishman on every occasion.

55. The telephone number Defendant called was assigned to a cellular telephone service for which usage minutes accumulate when calls are placed to that number.

56. Ishman is the regular carrier and exclusive user of the cellular telephone assigned the number ending in 2736.

57. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1(A)(i).

58. At a minimum calls Defendant made to Ishman after he told Defendant to stop calling violate 47 U.S.C. § 227(b)(1).

59. Ishman is a consumer who allegedly purchased services from Defendant. Accordingly, the debt allegedly owed to Defendant is a consumer debt.

60. Defendant regularly engages in the business of collecting debts.

**FIRST CAUSE OF ACTION**
**ALL PLAINTIFFS**
(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT,
47 U.S.C. § 227, *ET SEQ.*)

61. Plaintiffs hereby incorporate by reference and re-allege each and every allegation

set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

62. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

63. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.,* Plaintiffs are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## ALL PLAINTIFFS
### (KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*)

65. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

66. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.* and 47 C.F.R. §64.1200, *et seq.*

67. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. §64.1200, *et seq.* Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68. Plaintiffs are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION
### ALL PLAINTIFFS
**(VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*)**

66. Plaintiffs hereby incorporates by reference and re-alleges each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

67. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of 15 U.S.C. § 1692d(2), 15 U.S.C. § 1692d, and 15 U.S.C. § 1692e(5).

68. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to an award of $1,000.00 in statutory damages, for each and every violation, and actual damages, including mental anguish.

### FOURTH CAUSE OF ACTION
### ALL PLAINTIFFS
**(VIOLATION OF THE TEXAS REGULATION OF TELEPHONE SOLICITATIONS Chapter 302 of the TEX. BUS. & COM. CODE)**

69. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

70. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas TCPA, including but not limited to each and every one of the provisions of Chapter 302 of the TEX. BUS. & COM. CODE.

71. As a result of Defendant's violations of the Texas TCPA, Plaintiffs are entitled to an award of statutory damages in the amount of $5,000, for each and every violation, and actual damages including mental anguish, all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## FIFTH CAUSE OF ACTION
## ALL PLAINTIFFS
### (VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT Chapter 17 of the TEX. BUS. & COM. CODE)

72. Plaintiffs hereby incorporate by reference and re-allege each and every allegation set forth in each and every preceding paragraph of this Complaint, as though fully set forth herein.

73. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Texas TCPA, which automatically results in a violation of the DTPA.

74. A violation of the Texas TCPA is also a violation of the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") by law:

> "(a) A violation of this chapter is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17 (DTPA).
>
> (b) A public or private right or remedy prescribed by Subchapter E, Chapter 17 (DTPA), may be used to enforce this chapter."

TEX. BUS. & COM. CODE § 302.303; *see also* TEX. BUS. & COM. CODE § 17.50(h) (a plaintiff can maintain a DTPA suit based on the violation of other consumer-protection statutes that have been incorporated into the DTPA). As a result of Defendant's violations of the DTPA, Plaintiffs are entitled to an award of actual damages, treble damages for the Texas TCPA violations ($15,000 per violation), costs of court, and attorney's fees.

### ATTORNEY'S FEES

75. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

76. Plaintiffs are entitled to recover reasonable attorney fees and request the attorneys' fees be awarded.

### JURY DEMAND

77. Plaintiffs demand a jury trial on all issues triable to a jury.

14

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief as follows:

- An award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,500.00 in statutory damages, for each and every willful and/or knowing violation, pursuant to 47 U.S.C. § 227, *et seq.*;

- An award of $1,000.00 in statutory damages, for each and every violation, pursuant to 15 U.S.C. § 1692, *et seq.*;

- An award of $5,000.00 in statutory damages, for each and every violation, pursuant to Chapter 302 of the Texas Business & Commerce Code, *et seq.*;

- Actual damages, including mental anguish.

- An award of $15,000.00 in statutory damages, for each and every violation, pursuant to Chapter 17 of the Texas Business & Commerce Code, *et seq.*;

- Preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in, and continuing to engage in, the unlawful calls made with automated dialing systems to cellular phones, and enjoining Defendant from engaging in abusive and oppressive collection practices as outlined in this Complaint.

- Attorneys' fees, costs and any and all other relief deemed just and proper.

Dated: May 24, 2016                                          Respectfully Submitted,


                                                             */s/ Jarrett L. Ellzey*_____
                                                             W. Craft Hughes
                                                             Jarrett L. Ellzey
                                                             **HUGHES ELLZEY, LLP**
                                                             2700 Post Oak Blvd., Ste. 1120
                                                             Galleria Tower I
                                                             Houston, TX 77056
                                                             Phone: (713) 554-2377
                                                             Fax: (888) 995-3335
                                                             E-Mail: craft@hughesellzey.com
                                                                           jarrett@hughesellzey.com

                                                             Bryant Fitts
                                                             Texas Bar No. 24040904
                                                             bfitts@fittslawfirm.com
                                                             **Fitts Law Firm, PLLC**
                                                             2700 Post Oak Blvd., Suite 1120
                                                             Houston, Texas 77056
                                                             Phone (713) 871-1670
                                                             Fax (713) 583-1492

                                                             Mark A. Alexander (TBN 01007500)
                                                             **MARK A. ALEXANDER, P.C.**
                                                             5080 Spectrum Drive, Ste. 850
                                                             Addison, Texas 75001
                                                             Phone (972) 364-9700
                                                             Facsimile (972) 239-2244


                                                             **ATTORNEYS FOR PLAINTIFF**